UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA**             **CASE NO. 3:24-CR-00015-01**

**VERSUS**                                **JUDGE TERRY A. DOUGHTY**

**WILLIAM DANTA TONEY (01)**              **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM RULING**

It is the opinion of the Court that an upward departure is warranted for William Danta Toney ("Toney"), who was sentenced on September 4, 2024. Pursuant to USSG § 4A1.3(c)(1), written reasons are required when the Court deviates upward if the Court finds that the criminal history substantially under-represents the seriousness of the Defendant's conduct or based upon the likelihood that Defendant will commit other crimes.

Toney pled guilty to Possession of a Firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) on April 29, 2024, before the Magistrate Judge.[1] This Court adopted the report and recommendations of the Magistrate Judge[2] on April 30, 2024, thereby accepting Toney's change of plea.[3]

Toney was sentenced on September 4, 2024. The Court granted Toney's objection[4] that his prior conviction of attempted simple robbery[5] was not a crime of violence, the Presentence Investigation Report ("PSR") was amended to reflect a Total Offense Level of 15 and a Criminal History Category of VI, which resulted in a guideline range of 41 to 51 months imprisonment.

---

[1] [Doc. No. 24]
[2] [Doc. No. 28]
[3] [Doc. No. 29]
[4] [Doc. No. 34]
[5] [Doc. No. 36, p. 8]

## II.     UPWARD DEPARTURES

USSG § 4A1.3(a)(1) states that "if reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of defendant's criminal history, or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." For the reasons discussed herein, the Court finds both of the above apply here and an upward departure above the guideline range is warranted.

### A.     Toney's Criminal History

According to Toney's PSR, Toney has previously been convicted of seven felonies and ten misdemeanor criminal charges since 2001.[6] Toney is forty-six (46) years old. The first felony conviction of simple burglary resulted in 0 points due to the age of the conviction. Even without points for his first felony, Toney's criminal history score was 23, resulting in a criminal history category ("CHC") of VI. A CHC VI is the highest level and results in criminal history points of 13 or more. Toney's CHC of 23 is 10 points more than required for a CHC VI. Had Toney received 3 points for his first felony conviction, he would have received a score of 26 points, double the current required for a CHC of VI.

Additionally, Toney has nineteen other arrests that did not result in a conviction.[7]

### B.     Nature of Convictions

It is not simply the number of convictions but also the nature of the offenses that the Court finds important here. The seven felony offenses were for simple burglary (vehicle); unauthorized entry into an inhabited dwelling (apartment); attempted simple robbery (robbing the victim by grabbing the victim's arm and punching the victim in the face, while pretending he had a gun under his shirt); unauthorized entry of an inhabited dwelling (Toney in victim's house when the victim

---

[6] [Doc. No. 36, pp. 7-12]
[7] [Id., pp. 13-16]

arrived home), simple burglary of an inhabited dwelling (entered a home with a fifteen year old female victim present); simple burglary (vehicle burglary – two other counts of simple burglary were dismissed pursuant to a guilty plea); and attempted possession of cocaine (Toney was identified as the perpetrator in a home burglary. Cocaine was found when Toney was arrested).[8]

Toney was convicted of ten misdemeanors: (1) possession of drug paraphernalia; (2) simple criminal damage to property (downgraded from a simple burglary charge); (3) resisting an officer (false identity); (4) theft of goods (shoplifting from Dollar General); (5) possession of marijuana; (6) unauthorized use of a movable (downgraded from original theft charge); (7) theft by shoplifting (unknown); (8) attempted theft (shoplifting at Dollar General); (9) attempted theft (shoplifting at Family Dollar); and (10) simple criminal damage to property (unknown).[9]

Almost all of these charges involved victims, many who were present when the crime occurred.

### C. Revocation of Probation/Parole

In many of his convictions, Toney's parole and/or probation was revoked, which is evidence of his likelihood to commit other crimes. In Toney's first felony conviction of simple burglary, Toney's parole was revoked two different times, resulting in Toney serving the full term of his sentence.[10]

After Toney's second felony conviction of unauthorized entry of an inhabited dwelling, Toney's parole was revoked, resulting in Toney again serving the full term of his sentence.[11] Toney successfully completed his parole after his third felony conviction of attempted simple robbery.[12]

---

[8] [Id., pp. 7-12]
[9] [Id.]
[10] [Id.]
[11] [Id.]
[12] [Id., p. 8]

Toney's parole was revoked after his fourth felony conviction of unauthorized entry of an inhabited dwelling.[13]

After his first two misdemeanor convictions, Toney's probation was revoked and the original sentence was imposed.[14] After Toney's fifth felony conviction for simple burglary of an inhabited dwelling, Toney's parole was revoked twice.[15] Also after his sixth felony conviction for simple burglary, Toney's parole was revoked, but he eventually returned to parole supervision, and it expired without being revoked again.[16]

Toney's probation was revoked after his misdemeanor conviction for attempted theft (7/31/19) and attempted theft (10/28/19).[17] After his seventh felony conviction for attempted possession of cocaine in 2020, Toney successfully completed parole supervision.[18] In many of the misdemeanors that Toney was convicted of, he received credit for time served and/or a certain number of days in the parish jail, and was not placed on probation or parole.[19]

It is clear from the record that Toney's criminal history record is voluminous. It is made up of numerous felony and misdemeanor convictions. For this reason, the Court finds that a CHC of VI substantially underrepresents the seriousness of his conduct. Further, the PSR reflects that Toney's parole was revoked on a number of occasions, which indicates that there is a substantial likelihood that he will commit another crime.

---

[13] [Id.]
[14] [Id.]
[15] [Id., p. 10]
[16] [Id.]
[17] [Id.]
[18] [Id.]
[19] [Id.]

4

### D. Leniency of Sentences

Toney's criminal history also reflects that he received lenient sentences. After his first felony conviction, he received a probationary sentence.[20] After his second felony, Toney received five years, concurrent with his parole time.[21] He was actually released on good time supervision just over two years after pleading guilty.[22] Toney received a three year sentence after his third felony, and he was released on parole one and one-half years after pleading guilty.[23]

After his fourth felony, Toney received a two-year sentence, and he was released on parole one week after pleading guilty.[24] Toney received a three year sentence after his fifth felony and was released on parole five months after pleading guilty.[25] Toney received a two-year sentence after his sixth felony, and he was released on parole four months after pleading guilty.[26] After his seventh felony, Toney received a six-month sentence and was released on parole less than two months after pleading guilty.[27]

For his ten misdemeanor convictions, Toney received probationary sentences and a few days in jail for many of the convictions. He only received the maximum sentence of six months one time (8/22/13).[28] Toney also received a 150-day sentence (5/25/14), but the rest of his misdemeanor convictions were sixty days or less.[29]

Therefore, despite the fact that Toney was a habitual offender, he continuously received lenient sentences.

---

[20] [Id.]
[21] [Id.]
[22] [Id.]
[23] [Id.]
[24] [Id.]
[25] [Id.]
[26] [Id.]
[27] [Id.]
[28] [Id., p. 9]
[29] [Id.]

### E. Repetition of Crimes

Toney continued to commit the same type of crimes throughout his criminal history. Toney burglarized vehicles, houses, and committed theft from 2001 through 2020.[30] Toney was also arrested numerous times but was not convicted.[31] Many of these other arrests were dismissed as part of a guilty plea to these charges.[32] Toney does not appear to have learned much from his mistakes. Therefore, an upward departure is appropriate.

### F. Appropriate Upward Departure

USSG § 4A1.3(a)(4)(B) states that when considering an upward departure from CHC VI, the Court should structure the departure by moving incrementally down the sentencing table to the next higher offense level until it finds a guideline appropriate to the case. The guideline range is 41 to 51 months, which this Court feels is woefully inadequate to reflect an appropriate sentence here. After moving down the guidelines for CHC VI, the Court finds an upward departure of seven categories is appropriate, which results in an upward departure to a range of 84 to 105 months.

After reviewing the PSR, along with the factors in 18 USC § 3553(a), it is the finding of the Court that an appropriate sentence is 96 months imprisonment. This sentence shall run concurrently with pending state charges, in 4th Judicial District Court, Ouachita Parish, State of Louisiana, Docket # 22CR2559. This sentence shall run consecutively to the charges in the 4th Judicial District Court, Ouachita Parish, State of Louisiana Docket # 23CR2288.

A sentence of supervised release and conditions therein shall be imposed as set forth in Open Court.

---

[30] [Id.]
[31] [Id.]
[32] [Id.]

MONROE, LOUISIANA, this 4th day of September 2024.

_____
**TERRY A. DOUGHTY, JUDGE**
**UNITED STATES DISTRICT COURT**